**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

___

Scott Malcolm and Tim McGough, as Trustees,      Civil No. 07-3661 (RHK/AJB)
of the Carpenters & Joiners Welfare Fund, et al.,

        Plaintiffs,                                 **ORDER**

vs.

CP Con, Inc. and Craig Piette, individually,

        Defendants.

___

Before the Court is Defendants' Motion to Vacate Default Judgment.[1] Defendants now assert that this default was the result of mistake and/or excusable neglect and that they have "multiple defenses" on the merits. The Court disagrees with both assertions. The history of the parties demonstrates, beyond any doubt, that Defendants were well aware of the nature of the Plaintiffs' Complaint; they had, in fact, settled several prior claims of a similar nature. The Court finds no reasonable excuse for Defendants' conduct in not answering or otherwise responding to the Complaint. The same conduct belies their assertion that they have "multiple defenses on the merits." Accordingly, the Court will deny their Motion to vacate the default which has been entered by the Clerk.

Having reviewed Plaintiffs' Motion for Entry of Default Money Judgment and the supporting papers, the Court makes the following FINDINGS OF FACT:

       a. Plaintiffs filed a Summons and Complaint in this matter on August 9, 2007. The service of the Summons and Complaint was accomplished on Defendants on August 15, 2007.

---

[1] No judgment has been entered in this matter, but the Clerk of Court has entered a "default," pursuant to Fed. R. Civ. P. 55(a) because neither Defendant has made or appeared in this case and this fact was brought to the Clerk's attention.

b. Defendants have failed to file and serve a response or Answer to the Complaint.

c. The Clerk entered Default against Defendants on September 7, 2007.

d. Plaintiffs Scott Malcolm and Tim McGough, are Trustees of the Carpenters & Joiners Welfare Fund, Twin City Carpenters Pension Master Trust Fund, and Twin City Carpenters Vacation Fund; the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund (hereinafter "Funds"). Plaintiffs and each of their successors are trustees and fiduciaries of each of the above-referenced Funds.

e. The Funds are joint fringe benefit trust funds which are multi-employer plans as defined by 29 U.S.C. § 1002(37) established to provide, *inter alia*, pension, health and welfare, vacation benefits and training to employees doing carpentry work in the construction trades.

f. These Funds are maintained by the Unions and employers for the benefit of workers, pursuant to a Collective Bargaining Agreement. The Funds and their trustees are responsible for determining and collecting the amount due to the various employee fringe benefit funds from employers who have entered into a Collective Bargaining Agreement with the Union.

g. At all times herein, Defendants, through their execution of an Independent Agreement, were bound to the terms of a Collective Bargaining Agreement between the Lakes and Plains Regional Council of Carpenters and Joiners and the Carpentry Contractors Association and the Minnesota Drywall and Plaster Association.

h. The Collective Bargaining Agreement requires employers, such as Defendants, to contribute every month, not later than the fifteenth (15th) of the following month, such sums for Pension, Health and Welfare, Vacation, Dental, Apprenticeship, and Promotion Funds as they may be established, an amount for each hour worked by all employees covered by the Collective Bargaining Agreement. Each payment shall be accompanied by a report form as specified by the Trustees.

i. The Collective Bargaining Agreement required Defendants to make available its employment and payroll records for examination and audit by the Trustees of their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the proper administration of the trust funds and to ascertain whether an employer,

    such as Defendants, have properly complied with its contribution obligations.

j. The Collective Bargaining Agreement also provides that an employer is liable for liquidated damages of 10% for failure to submit fringe benefit contributions in a timely fashion, and further provides that Plaintiffs are entitled to their attorney fees and costs incurred in collecting any delinquency.

k. On or about September 23, 2004, the Lake and Plains Regional Training Committee sent a correspondence to Defendants notifying them that Ortega DeSantiago had been dropped from the apprenticeship program and that if Defendants continued to employ Mr. DeSantiago they would be assessed the contributions rate for journeyman for fringe benefit contributions.

l. Thereafter, Plaintiffs requested that Defendants produce the employment and payroll records for audit for the period of July 1, 2005 through September 30, 2006.

m. Defendants produced documents for review for this period and from the records, it was clear that Defendants continued to employ Mr. DeSantiago after September 23, 2004.

n. Plaintiffs' auditor then prepared an invoice based upon the documents produced setting forth the hours worked by Defendants' employees, including DeSantiago, for which fringe benefit contributions were not remitted to the Funds.

o. The total amount of fringe benefit contributions discovered to be owing to the Plaintiffs from the audit is $7,488.35.

p. The total amount due for liquidated damages for the audit period of July 2005 through September 2006 is $748.84.

q. Plaintiffs incurred reasonable attorney fees and costs totaling $2,041.75 in pursuing this delinquency.

Based on the foregoing, and upon all the files, records, and proceedings herein, **IT IS**

**ORDERED:**

1. Defendants' Motion to Vacate Default Judgment (Doc. No. 15) is **DENIED**;

2. Plaintiffs' Motion for Entry of Default Money Judgment (Doc. No. 7) is **GRANTED**;

3. Defendants owe Plaintiffs $7,488.35 for fringe benefit contributions for the audit period of July 2005 through September 30, 2006;

4. Defendants owe Plaintiffs $748.84 for liquidated damages for the audit period of July 2005 through September 2006;

5. Defendants owe Plaintiffs $2,041.75 for attorney fees and costs; and

6. The Clerk of Court is directed to enter judgment in the amount of $10,278.94 against each Defendant, jointly and severally.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 26, 2008

                                                  s/Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge